### APPEAL OF DAVIS & ANDREWS CO.

Docket No. 2691. Submitted May 5, 1925. Decided July 11, 1925.

1. When any of the conditions specified in paragraphs (a), (c) and (d) of section 327 of the Revenue Act of 1918 have been found by the Commissioner to exist, his duty to compute the tax under section 328 is mandatory.

2. Section 302 of that Act, providing limitations on the amount of tax imposed by section 301, is controlling over sections 301 and 328; and if the tax computed under section 302 be less than the tax computed under section 328, the computation under section 302 applies.

3. Where, for the three years prior to 1920, the Commissioner has found that the invested capital of a corporation could not be satisfactorily determined and has computed the tax under section

328, in the absence of evidence that the invested capital for the year 1920 can be satisfactorily determined, the tax will be computed under section 328 subject to the limitations of section 302.

*Edward Thompson*, *Esq.*, for the taxpayer.
*Arthur H. Fast*, *Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1920 in the amount of $3,076.33.

### FINDINGS OF FACT.

The taxpayer is a Tennessee corporation organized in 1901, with its principal office at Memphis.

The Committee on Appeals and Review of the Income Tax Unit, under date of March 7, 1923, said, with respect to the years 1917, 1918, and 1919:

A thorough consideration of all the facts in this case has led the Committee to the conclusion that the invested capital of the appellant company cannot be satisfactorily determined. It is therefore recommended that this case be given consideration under the provisions of section 210 of the Revenue Act of 1917 and Sections 327 and 328 of the Revenue Act of 1918.

The tax for the years 1918 and 1919 was computed by the Commissioner under section 328 and for the year 1920 under section 302 of the Revenue Act of 1918.

The sole ground of the taxpayer's appeal is that the Commissioner, after having computed its tax under the provisions of section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918, for the years 1917 to 1919, inclusive, has not extended similar relief for the year 1920, the Commissioner, in connection with his previous determination, having found that he could not satisfactorily determine the invested capital of the taxpayer.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on motion of the Commissioner after 10 days' notice to the taxpayer.

### OPINION.

JAMES: The sole issue in this appeal is whether the taxpayer as a matter of right is entitled to have its tax computed under the provisions of section 328 of the Revenue Act of 1918, or whether

the computation of the tax under section 302 relieves the Commissioner of the necessity for computation under section 328.

Section 301 of the Revenue Act of 1918 imposes an excess and war-profits tax upon the income of corporations, which involves the use of so-called excess and war profits credits based upon named percentages of invested capital and the graduation of the tax in named percentages also of invested capital.

As a limitation upon the tax of corporations with small incomes, section 302 was inserted in the statute, reading in full as follows:

That the tax imposed by subdivision (a) of section 301 shall in no case be more than 30 per centum of the amount of the net income in excess of $3,000 and not in excess of $20,000, plus 80 per centum of the amount of the net income in excess of $20,000; the tax imposed by subdivision (b) of section 301 shall in no case be more than 20 per centum of the amount of the net income in excess of $3,000 and not in excess of $20,000, plus 40 per centum of the amount of the net income in excess of $20,000; and the above limitations shall apply to the taxes computed under subdivisions (a) and (b) of section 301, respectively, when used in subdivision (c) of that section. Nothing in this section shall be construed in such manner as to increase the tax imposed by section 301.

Further to render practicable the administration of the law and in recognition of some of the difficulties involved in the graduations of a tax based on the investment in the corporation, Congress enacted sections 327 and 328. The pertinent portion of section 327 reads as follows:

That in the following cases the tax shall be determined as provided in section 328:

(a) Where the Commissioner is unable to determine the invested capital as provided in section 326;

(b) In the case of a foreign corporation;

(c) Where a mixed aggregate of tangible property and intangible property has been paid in for stock or for stock and bonds and the Commissioner is unable satisfactorily to determine the respective values of the several classes of property at the time of payment, or to distinguish the classes of property paid in for stock and for bonds, respectively;

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328.

In three of the four cases above, it is necessary for the Commissioner to determine certain facts which operate as conditions precedent to the application of section 328, but when these conditions precedent have been found by him the application of the statute is

mandatory. It further appears that section 302 sets forth an absolute minimum limitation of the tax which would otherwise be imposed under either section 301 or 328. Under these circumstances, we are of the opinion that, where the Commissioner has once found the antecedent circumstances, the provisions of section 327 and 328 apply, and the tax must be computed under the latter section. If, then, the tax as computed under section 302 should be less than the tax computed under section 328, the computation under section 302 applies and the ultimate tax is assessed and collected thereunder.

The taxpayer here has proved that for three years prior to 1920 the Commissioner has held that its invested capital could not be satisfactorily determined. It further appears that the Commissioner did not determine the invested capital of the taxpayer or compute the tax under section 301 for the taxable year here in question. It further appears that he did not compute the tax under the provisions of section 328. Section 302, in our opinion is an alternative provision, not to be applied unless the tax computed under that section is less than the tax computed under either section 301 or under section 328 in the event that the mandatory provision of section 327 (a) applies. In the absence of evidence that the Commissioner is able to determine the invested capital of the taxpayer for the taxable year here in question, and in view of the fact that he has not first computed the tax under the provisions of section 301, we are of the opinion that the application of section 302 in the first instance was erroneous. This being true, it follows that the Commissioner should determine the invested capital of the taxpayer for the year here in question, if he can do so, and compute the tax under the provisions of section 301.

If the tax when so computed be greater than the tax computed under section 302, the deficiency in issue will be approved. If the Commissioner is unable to determine the invested capital and therefore is unable to compute the tax under section 301, section 328 should be applied, and if the tax when so computed be less than the tax computed under section 302, the deficiency, if any, should be recomputed accordingly.

The taxpayer has submitted no evidence as to comparatives under section 328. Such being the case, it will be bound here by the determination of the Commissioner with reference to the amount of tax which shall be found to be due under the provisions of section 328. Final determination will be settled as set forth in the decision.